Banks, J.
This case was instituted in the Peabody Division of the District Court Department wherein the plaintiff, Essex County Bank and Trust Company (the “Bank”) sought recovery against Tyra and Robert LeBel upon their non-payment' of claims made on a credit card agreement. Defendant Tyra LeBel defaulted and judgment was entered against her. The'Bank then brought a motion for summaryjudgment against Robert LeBel under Rule 56 of the Dist./Mun. Cts. R. Civ. P. The motion was accompanied by the affidavit of an officer of the Bank setting forth the balance of the account then claimed to be due and owing.
In his counter-affidavit opposing the motion and in his answers to interrogatories, defendant Robert LeBel agreed that he and Tyra LeBel had been married and living together at the time Tyra LeBel applied to the Bank for a credit card. A card was also issued to Robert LeBel; and directly above his signature on the back of that card is the printed recital that “by accepting, signing . . . this credit card the person named on the front agrees to the terms of the Master Charge card holder agreement with this credit card.” Defendant Robert LeBel does not appear to deny that he became jointly and severally liable with Tyra LeBel for legitimate charges on either card upon his acceptance and signing of the card.
Robert LeBel further asserted in his affidvit that he never used his card after its issuance; that he and Tyra LeBel subsequently ceased to share the same address; and that at the time of suit they were, in fact, divorced and she was living in California. It was his contention at the hearing on the motion for summaryjdugment that he had never seen the items charged against him and that the allowance of the motion would deprive him of the opportunity to examine at trial the validity of the signatures underlying the Bank’s claim for charges due.
The trial court allowed the motion for summary judgment, citing G.L.c. 140C, §9B(c)(2) then in effect[2] and under which the holder of a credit card *2 had sixty (60) days from “mailing and delivery” of a periodic statement of account to protest items in that account.
We find that the trial court properly allowed the Bank’s motion for summary judgment.
Since the primary card holder was Tyra LeBel, it is possible, perhaps even likely, that Robert LeBel did not see the billings for which payment is now demanded after the LeBels ceased to share the same address. His protest is that he is asked to pay for bills about which he knows absolutely nothing; and which, for all he knows, may have been incurred by a total stranger if Tyra LeBel’s card had been lost or stolen or if the card number had been used in telephone or mail-order transactions. He also points out, correctly, that the legislation embodied in G.L.c. 140C was designed primarily to protect the consumer. See generally, Shepard v. Finance Assoc. of Auburn, Inc., 366 Mass. 182 (1974).
The short answer, however, is that the obligation of the Bank under the statute was to mail periodic statements of charges to its cardholders, and there is no averment herein that it did not do so. It was for the defendant Robert LeBel to protect his own interests in this situation by cancelling his account, and/or by taking steps to determine what charges were being made to the account in time to exercise his right of protest and thus avail himself of the protection provided by statute.
Accordingly, the court’s allowance of the plaintiffs Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment is sustained.
Report dismissed.

Section 9B was added to G.L.c. 140C by St. 1978, c. 480. General Laws c. 140C was repealed by St. 1981, c. 733, § 1. See now G.L.c. 104D, § 1 et. seq.